**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ESTATE OF WILLIAM J. DECKMAN,** | ) **CASE NO.:** |
| **c/o Michael P. Harvey, Esq.,** | ) |
| **Administrator/W.W.A** | ) **JUDGE** |
| 311 Northcliff Drive | ) |
| Rocky River, Ohio 44116 | ) **(JURY DEMAND ENDORSED** |
| | ) **HEREON)** |
| And | ) |
| | ) |
| **ALEC REED DECKMAN** | ) |
| 9765 Haven Port Lane | ) |
| Ooltewah, Tennessee 37363, | ) |
| | ) |
| And | ) |
| | ) |
| **MATTHEW COLE DECKMAN** | ) |
| 9765 Haven Port Lane | ) |
| Ooltewah, Tennessee 37363 | ) |
| | ) |
| And | ) |
| | ) |
| **ALLISON MARIE DECKMAN** | ) |
| 9765 Haven Port Lane | ) |
| Ooltewah, Tennessee 37363 | ) |
| | ) |
| And | ) |
| | ) |
| **BRIAN E. McGRATH, TRUSTEE** | ) |
| FBO Alec and Matthew Deckman | ) |
| 9270 Hunt Club Lane | ) |
| Clarence, NY 14031 | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| **KIM JOSEPH** | ) |
| 300 Capital Hill Circle | ) |
| Chagrin Falls, Ohio 44022 | ) |
| | ) |
| And | ) |
| | ) |

**MICHELLE SILVERSTEIN**     )
300 Capital Hill Circle              )
Chagrin Falls, Ohio 44022       )
                                     )
     *Defendants.*                )

---

# COMPLAINT

---

The above-named Plaintiffs state as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff, Allison Marie Deckman, is the original beneficiary of a life insurance policy with Genworth that was to continue benefitting the immediate family, Decedent's sons and Plaintiffs, Alec Reed Deckman and Matthew Cole Deckman, as opposed to cousins/nieces, Defendants, Kim Joseph and Michelle Silverstein.

2.     The Decedent, William J. Deckman, died in 2022 with a Will.  That Will has been filed with the Cuyahoga County Probate Court on April 24, 2024.  (See Ex. 1).

3.     The Decedent, William J. Deckman, is survived by the Plaintiffs, as his children; and by Allison Marie Deckman, his former wife and mother of his children.

4.     The Plaintiffs are direct or indirect beneficiaries of the Estate of William J. Deckman.

5.     Kim Joseph changed beneficiaries through an electronic execution of paperwork through DocuSign that did not include proper verification processes and subsequently allowed Ms. Joseph to procure $502,202.32 from the Decedent's life insurance policy that Decedent wanted for his sons, Matthew and Alec Deckman, who were his intended beneficiaries before he became incompetent.

6.      Plaintiff, Estate of William J. Deckman via Administrator/W.W.A., Michael P. Harvey, Esq., was appointed by the Cuyahoga County Probate Court by Order dated June 25, 2024. (See Ex. 8).

7.      This Appointment is pursuant to a Will that was probated in Cuyahoga County Probate Court on April 24, 2024.  (See Ex. 1).

## JURISDICTION

8.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, as there are two or more adverse parties of diverse citizenship.

9.      The Court has personal jurisdiction over the Defendants, Kim Joseph and Michelle Silverstein, because this dispute arises out of actions performed in Ohio and they live in Cuyahoga County, Ohio.

10.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiffs reside in Tennessee; Defendants, Kim Joseph and Michelle Silverstein, reside in Ohio.

11.      The Court has original subject matter jurisdiction over Plaintiffs' Federal claims pursuant to 28 U.S.C. § 1331.  The Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

12.      The Court has jurisdiction pursuant to 28 U.S.C. § 2201(a) because there is an actual controversy within its jurisdiction.

## VENUE

13.      Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) because Defendants, Kim Joseph and Michelle Silverstein, reside in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District, or pursuant to 28 U.S.C.

§ 1391(b)(3) because Defendants are subject to personal jurisdiction in this District with respect to this action.

14. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 2201(a) because there is an actual controversy within its jurisdiction.

## PARTIES

15. The primary Plaintiff is the Estate of William J. Deckman via the appointed Administrator/W.W.A., Michael P. Harvey, Esq., a copy of the Will and appointment are attached hereto. (See Exs. 1, 8).

16. Plaintiff, Alec Reed Deckman, is the son of Decedent, William J. Deckman, who passed away in Cuyahoga County, Ohio in 2022.

17. Plaintiff, Alec Reed Deckman, is a citizen of Tennessee and resides at 9765 Haven Port Lane, Ooltewah, Tennessee.

18. Plaintiff, Matthew Cole Deckman, is the son of Decedent, William J. Deckman, who passed away in Cuyahoga County, Ohio in 2022.

19. Plaintiff, Matthew Cole Deckman, is a citizen of Tennessee and resides at 9765 Haven Port Lane, Ooltewah, Tennessee.

20. Plaintiff, Allison Marie Deckman, is the former wife of the Decedent, William J. Deckman, and the mother of both Alec and Matthew Deckman.

21. Plaintiff, Allison Marie Deckman, is a citizen of Tennessee and resides at 9765 Haven Port Lane, Ooltewah, Tennessee.

22. Defendant, Kim Joseph, is a citizen of the State of Ohio, and upon information and belief can be served at 300 Capital Hill Circle, Chagrin Falls, Ohio 44022.

23.    Defendant, Michelle Silverstein, is a citizen of the State of Ohio, and upon information and belief can be served at 300 Capital Hill Circle, Chagrin Falls, Ohio 44022.

## FACTUAL ALLEGATIONS

24.    After William and Allison Deckman were married, but prior to his death, William J. Deckman began suffering from symptoms relating to dementia.

25.    As early as 2014, William J. Deckman began experiencing various problems that led to his loss of work, getting into accidents with his car, getting lost, and becoming confused.

26.    In February 2019, the Decedent was diagnosed by Dr. Denis Kennedy who was a Tennessee physician specializing in neurology and psychiatry as having Dementia with amniotic syndrome; deterioration of memory; short-term memory loss; and inability to manage financial and other affairs.

27.    As a result, family-law lawyers that were part of his divorce and who held a Power of Attorney decided that the Decedent's nieces/Defendants in Cleveland, Ohio should be contacted to update them about the Decedent's condition.

28.    Allison Deckman and Decedent filed for divorce in Tennessee in 2014, and the divorce decree was entered in 2016 (the "Decree").  Thereafter, the final Order containing a parenting plan was entered in 2019.

29.    As part of the divorce proceedings, Decedent agreed to maintain a $500,000.00 life insurance policy while he had support obligations related to Plaintiffs.

30.    Decedent had significant health problems in early 2019 wherein he had at least one stroke and a "major cardiovascular event," according to Ms. Joseph's online journal.  (See Ex. 2).

31.    In the post, Ms. Joseph also noted that: "[Decedent's] memory was badly injured."

32.     Ms. Joseph also wrote she "hated watching [Decedent's] life fall apart over the past 10 years."

33.     Ms. Joseph also said her mother, who was a hospice nurse, pre-diagnosed Decedent with early-onset Alzheimer's as early as 2009.

34.     In a Medical Examination Report, Dr. Kennedy, Decedent's Physician/Psychiatrist/Neurologist, declared Decedent was incompetent as of no later than **February 20, 2019**, and that a conservator should be appointed. (See Ex. 3).

35.     Dr. Kennedy stated: (i) Decedent had "[d]eteriorating memory for some years" prior to February 20, 2019; (ii) Decedent was "unable to manage his financial and other affairs" as of that date; and (iii) Decedent "did not remember [the physician] from [his] extensive visit with him on the previous day."

36.     At some point in early 2019, Decedent was transported to Ohio for the ease and convenience of Kim Joseph and Michelle Silverstein.

37.     Ms. Joseph testified that a social worker at a rehabilitation facility contacted her in mid-March 2019 to ask her to take control of Decedent's financial and other affairs.

38.     Ms. Jospeh confirmed she took control of Decedent's finances and other affairs.

39.     Ms. Joseph contacted Genworth regarding the Policy in 2019 on the same day as she became the Decedent's "sole" Power of Attorney in Tennessee.

40.     Ms. Joseph submitted the Medical Examination Report to Genworth as part of her efforts to take control of Decedent's financial affairs which demonstrates that she was knowledgeable of William J. Deckman's incompetency and fragile state of mind.

41.     On **April 15, 2019**, Ms. Joseph drove Decedent to an attorney's office so he could execute a Durable General Power of Attorney (the "Ohio POA") even though she already had a valid one from Tennessee.  (See Ex. 4).

42.     The Ohio POA gave Ms. Joseph the power to, among other things, change beneficiaries on Decedent's accounts.

43.     Ms. Joseph drove Decedent to the appointment to execute the Ohio POA even though she was on notice regarding the February 20, 2019 Medical Examination Report that clearly stated Decedent had significant memory issues and he could no longer handle his own affairs.

44.     On the very same day the Ohio POA was executed, **April 15, 2019**, a beneficiary designation change form (the "Form") was submitted to Genworth to make Ms. Joseph the new primary beneficiary.  (See Ex. 5).

45.     The Form did not include a wet/manual signature. Instead, it was signed via DocuSign.

46.     After multiple beneficiary designation rejections, when Ms. Joseph was identifying herself as the one making the changes, an electronic DocuSign form was filled out indicating that William Deckman was the one identified as making the changes and was then accepted with no wet/manual signatures.

47.     Decedent passed away on **June 27, 2022**.

48.     Ms. Joseph submitted a claim form to Genworth on **August 11, 2022**.  (See Ex. 6).

49.     Ms. Joseph confirmed she received a check in the amount of $502,202.32 from Genworth on August 22, 2022.  (See Ex. 7).

50.     Ms. Joseph testified she split the Genworth proceeds with Ms. Silverstein.

51.     Defendants accessed Decedent's remaining bank accounts currently holding funds in the vicinity of $20,000.00.

## COUNT ONE
### Declaratory Judgment Pursuant to 28 U.S.C. § 2201(a)

52.     Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 51 of the Complaint as if fully rewritten herein.

53.     There is an actual and justiciable controversy regarding the validity of the beneficiary designations on the Decedent, William J. Deckman's, financial assets that were changed to benefit the Defendants to the exclusion of the Decedent's sons and/or his former wife after 2019 including, but not limited to, assets held via life insurance, and assets held by Meaden and Moore/Avantax.

54.     No later than February 2019, William J. Deckman was suffering from Dementia, a debilitating disease that progressively impaired his judgment, cognition, and deprived him of a testamentary capacity, and making him vulnerable to undue influence and duress over time.

55.     In 2017, 2018, and in the beginning of 2019, William J. Deckman's last lawyer, Attorney Pemerton, held a Power of Attorney that likely he should not have had based on the Decedent's mental condition and using that contacted the Decedent's nieces/Defendants in Cleveland, Ohio and had them come to Tennessee without contacting his sons or the Decedent's former wife, and the nieces took the Decedent up to Cleveland, Ohio and put him in several nursing homes keeping him from his immediate family.

56.     From 2019 and on, the two nieces/Defendants made efforts to change the beneficiary designations of important financial assets held by William J. Deckman including his life insurance and retirement accounts in the amount of approximately $1 million at the time.

57.     None of this was shared with the Decedent's sons who remain the direct beneficiaries of his Will in Tennessee and then later, as discovered since then, a Will that was done by the two nieces/Defendants in Ohio that list the Decedent's sons as the primary beneficiaries of his Estate, but with nothing to fund it.

58.     Despite actual knowledge of the Decedent's stated intent that his sons should receive his assets and knowledge of the Decedent's cognitive inabilities, which were very clear to them, the Defendants coerced or simply changed the beneficiaries pursuant to their Powers of Attorney and the assets that were intended for his sons went to the Defendants.

59.     These nieces/Defendants knew their actions were eliminating the Plaintiffs' inheritances, but continued their actions with full knowledge of the harm and damage they were causing to the Plaintiffs.

60.     The nieces/Defendants with their Powers of Attorney and the exclusion of the immediate family members were in a confidential and fiduciary relationship with the Decedent, William J. Deckman.

61.     All beneficiary designation changes that occurred during or after February 2019 and until William J. Deckman's death in 2022 that benefitted the nieces/Defendants are presumptively invalid.

62.     During or after February 2019 and until his death in 2022, William J. Deckman suffered from a severely diminished capacity because of his Dementia.

63.     After February 2019 and until his death in 2022, Defendants had, and used, the opportunities to unduly influence the Decedent, William J. Deckman.

64.     At all relevant times, the Decedent, William J. Deckman, was susceptible to undue influence by the Defendants because he suffered from the Dementia which began no later than

February 2019 and his dependence upon the Defendants through their Powers of Attorney as his financial agents and primary caretakers was complete.

66. The nieces/Defendants actually did exert undue influence over the Decedent, William J. Deckman, between March 2019 and 2022 by changing beneficiary designations and taking control of all the finances through the Powers of Attorney and giving it all to themselves.

66. After February/March 2019, the beneficiary designations in favor of the nieces/Defendants are invalid due to a lack of capacity and undue influence by the nieces/Defendants through misuse of the Powers of Attorney.

67. This Court is asked to declare that the beneficiary designations after February/March 2019 changed in favor of the two nieces/Defendants, Kim Joseph and Michelle Silverstein, are invalid as a matter of law.

## COUNT TWO
### Declaratory Judgment Pursuant to 28 U.S.C. § 2201(a)

68. Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 67 of the Complaint as if fully rewritten herein.

69. Unbeknownst to the Decedent, William J. Deckman, who was suffering from Dementia, Attorney Pemerton, who exercised a Power of Attorney in Tennessee, as well as the Defendants who exercised separate Powers of Attorney in Tennessee and Ohio, used the Decedent's checking, savings, and investment accounts for their benefit for nursing home care and also for travel and other reasons that they alone decided.

70. The only notification of any Conservatorship or Guardianship was received by the Plaintiffs in the mail in August 2019 in the form of a Medical Evaluation from February 2019.

71. Nothing further was received by the Plaintiffs regarding opening a Conservatorship or Guardianship.

72.     The Decedent, William J. Deckman, and Allison Deckman agreed during his life that the Decedent's assets and property would primarily benefit the Plaintiffs upon his death.

73.     The nieces/Defendants in their role as the Decedent's Attorney-in-Fact and Power of Attorney diverted more than $100,000.00 from various accounts to themselves.

74.     The Defendants also did this in various other accounts and life insurance proceeds between 2019 and 2022.

75.     The *inter vivos* diversion of the Decedent's assets to the nieces/Defendants and their families are invalid due to the Decedent's lack of capacity and/or undue influence by the nieces/Defendants who misused their Powers of Attorney.

76.     The Court is asked to declare that the *inter vivos* transfers of the Decedent, William J. Deckman's, assets to Defendants, Kim Joseph and Michelle Silverstein, and their family members after February/March 2019 are invalid as a matter of law.

## COUNT THREE
### Fraud/Fraudulent Concealment/Constructive Fraud
### Pursuant to 31 U.S.C. § 3729

77.     Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 76 of the Complaint as if fully rewritten herein.

78.     The Defendants made many representations or alternatively omissions where they had a duty to disclose.

79.     These representations or omissions were material to the care of the Decedent and his wishes regarding the beneficiaries of his Estate and his care during his illness pursuant to written instruments.

80.     The Plaintiffs believe the representations or omissions were made knowingly false, and done with reckless disregard as to the truth of that falsity and that the jury may infer that the representations or omissions were knowingly false.

81.     The Defendants intended to mislead the Plaintiffs into relying upon the representations or omissions.

82.     The Plaintiffs justifiably relied upon the representations and omissions.

83.     The Plaintiffs' reliance on the Defendants representations and/or omissions proximately caused the Plaintiffs injury in an amount to be determined at trial.

84.     The Plaintiffs state that the Defendants concealed material facts about the status of the Decedent and his assets with knowledge of the concealed facts and with the intent to mislead Plaintiffs into relying on the concealments.

85.     Plaintiffs state that the Defendants were in a fiduciary relationship because the Defendants knew that they had all the information related to the Decedent's care and assets allegedly representing Decedent's wishes which Plaintiffs state was not carried out according to the Decedent's wishes.

86.     As a result of the fraud and concealments, Plaintiffs justifiably relied upon the Defendants and suffered damages as a result and respectfully requests damages in an amount to be determined by a jury.

## **COUNT FOUR**
### **Fraudulent Conduct Under Powers of Attorney and for Other Relief Pursuant to Ohio Revised Code §§ 1337.34 and 1337.36**

87.     Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 86 of the Complaint as if fully rewritten herein.

88.     Pursuant to Ohio Revised Code § 1337.34(A), and pursuant to the terms of the instruments, appointing Kim Joseph and/or Michelle Silverstein as Powers of Attorney for the Decedent, William J. Deckman, mean that each niece/Defendant had a duty to act in good faith and in the Decedent's best interests, for his benefit, and consistent with his known estate planning intentions.

89.     Upon information and belief, the nieces/Defendants made dispositions of the Decedent's assets under the Power of Attorney instrument that are and were inconsistent with each of their duties described in the Power of Attorney paragraphs and in law and failed to account for the same properly and fully.

90.     As the Decedent's trusted confidants and fiduciaries pursuant to the Powers of Attorney, the Defendants owed heightened financial duties to the Decedent.

91.     The nieces/Defendants abused their fiduciary powers as the Decedent's trusted confidants and/or agents by promoting each of their personal interests, and the Defendants had obligations and duties to engage in fair dealing, avoid self-dealing, to honor and abide by the fiduciary duties of a Power of Attorney, and be loyal to the Decedent, which they were not.

92.     Using the Decedent's Power of Attorney in breach of each of their fiduciary duties under the Power of Attorney and Ohio Revised Code § 1337.13, the Defendants altered the Decedent's beneficiary designations and/or estate plan understandings to their personal benefits.

93.     Pursuant to Ohio Revised Code § 1337.34 the Defendants breached their duties as the Decedent's Power of Attorney and this breach includes, but is not limited to the following:

a)      Failed to act in accordance with the Decedent's reasonable expectations to the extent actually known by each of the agents and in the Decedent's best interest as principle;

b)      Failed to act in good faith;

c)      Failed to act only within the scope of the authority granted to the Defendants as agents;

d)      Failed to preserve the Decedent's estate plan to the extent actually known by them through the Will they had a lawyer create;

e)      Failed to act loyally for the Decedent's benefit;

f)      Failed to act as to not create a conflict of interest that impaired Defendants' ability to act as agent impartially and in Decedent's best interest as principle;

g)      Failed to act with due care, confidence, and diligence ordinarily exercised by agents in similar circumstances;

h)      Failed to keep proper records of all receipts, disbursements, and transactions made on or in behalf of the Decedent as principle; and

i)      Failed to carry out the Decedent's reasonable expectations to the extent known to the Defendants and otherwise in the Decedent's, their uncle's, best interests.

94.     As a direct and proximate result of Defendants' breach of fiduciary duties and in violation of Ohio Revised Code § 1337.34, the Decedent has been damaged in an amount in excess of $25,000.00 plus the amount required to reimburse the Plaintiffs for attorneys' fees, costs, and expenses of this action.

95.     As Plaintiffs were direct and intended beneficiaries of the Decedent's assets, the Plaintiffs have been damaged in the amount of at least $25,000.00 plus the amount required to reimburse the Plaintiffs for the attorneys' fees, costs, and expenses paid in this action.

96.     The Defendants' breach of fiduciary duty, misfeasance, and/or malfeasance constituted willful breaches of their duties and/or gross negligence and recklessness and was committed in bad faith or with intentional indifference to the duties owed to their uncle, the Decedent.

97.     Pursuant to Ohio Revised Code § 1337.34(H), the Court may Order the Defendants to disclose receipts, disbursements, and/or transactions conducted on behalf of the Decedent under the Power of Attorney instruments.

98.     Pursuant to Ohio Revised Code § 1337.36(A)(4)-(6), the Plaintiffs may, and hereby do, petition the Court to review Defendants' conduct under the Powers of Attorney instruments, and to Order each Defendant to appear before the Court and make a full accounting for their conduct as the Decedent's Attorney-in-Fact.

## COUNT FIVE
### Undue Influence

99.     Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 98 as if fully rewritten herein.

100.    Decedent was susceptible to Defendants' undue influence due to, among other things, Decedent's diminished mental capacity as initially determined by Decedent's Tennessee Physician/Psychiatrist/Neurologist.

101.    Defendants' had the opportunity to exert undue influence upon Decedent due to their personal relationship and the fact that Defendants took control of Decedent's financial and personal affairs.

102.    Kim Joseph exerted undue influence upon Decedent to have him designate her as the sole beneficiary of the life insurance policy.

103.    Plaintiffs have suffered damages in excess of $25,000.00 as a result of Defendants' unlawful conduct.

## COUNT SIX
### Breach of Fiduciary Duty

104.    Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 103 as if fully rewritten herein.

105.    As the Decedent's Power of Attorney, Defendants had fiduciary duties to both Decedent and Plaintiffs.

106.    Kim Joseph breached her fiduciary duties to Plaintiffs by making arrangements for Decedent to designate her as the sole beneficiary related to the life insurance policy.

107.    Plaintiffs have suffered damages in excess of $25,000.00 as a direct and proximate result of Defendants' tortious conduct.

## COUNT SEVEN
### Constructive Trust

108.    Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 107 as if fully rewritten herein.

109.    Defendants obtained possession of certain funds related to the life insurance policy through undue influence, duress, or other unlawful means.

110.    Defendants' retention of the life insurance proceeds will result in unjust enrichment to Defendants.

111.    In order to prevent unjust enrichment, the Court should impose a constructive trust on the life insurance proceeds in favor of Plaintiffs and prevent any disposition of the same by Defendants without satisfying Plaintiffs' interest in the life insurance proceeds in full.

## COUNT EIGHT
### Accounting

112.    Plaintiffs reallege all of the allegations contained in Paragraphs 1 through 111 as if fully rewritten herein.

113.    Plaintiffs, Alec Deckman and Matthew Deckman, are the sons of the Decedent prior to his passing.

114.    Defendant, Kim Joseph, served as fiduciary to Decedent because, among other things, she took control of the Decedent's assets, medical care, and other matters prior to his passing.

115.    To date, Defendants have refused and/or failed to provide a full accounting of the Decedent's assets despite Plaintiffs' repeated requests for the same.

116.    Defendants have no just reason to refuse to provide the information and documentation requested.

**WHEREFORE**, having fully set forth their Complaint, Plaintiffs, Alec Deckman, Matthew Deckman, and Allison Deckman, request the Court grant the following relief:

a.    All beneficiary designations on the Decedent, William J. Deckman's, assets that benefit Defendants, Kim Joseph and/or Michelle Silverstein, after February/March 2019 be declared invalid, null and void;

b.    That Defendants be Ordered to deposit into the registry of the Court the amount of $502,202.32 plus interest which is the amount of the life insurance benefits paid to Defendants, Kim Joseph and Michelle Silverstein on August 22, 2022.

c.      That Defendants, Kim Joseph and/or Michelle Silverstein, be Ordered to pay or reimburse the Plaintiffs for all assets that Defendants received as a result of beneficiary designations that are declared invalid, null and void;

d.      That Defendants, Kim Joseph and Michelle Silverstein, be found liable to the Plaintiffs for breach of known estate planning intentions by the Decedent in his Tennessee Will and be Ordered to restore Plaintiffs' interest in the Decedent's assets as set forth in the Tennessee Will;

e.      That Defendants, Kim Joseph and/or Michelle Silverstein, be disgorged as many assets that either of them received improperly from the Decedent's assets in his lifetime and said sum be paid to the Plaintiffs in full plus interest;

f.      That Defendants, Kim Joseph and Michelle Silverstein, be Ordered to disclose receipts, disbursements, and/or transactions conducted on behalf of the Decedent under the Powers of Attorney instruments and anything related to these instruments pursuant to Ohio Revised Code § 1337.34(H) and that this Court review each of their conduct pursuant to Ohio Revised Code § 1337.36(A)(4)-(6);

g.      That Defendants, Kim Joseph and/or Michelle Silverstein, be found to have breached their duties to the Decedent, their uncle, as his Attorney-in-Fact in violation of Ohio Revised Code § 1337.34;

h.      That the Plaintiffs be awarded attorneys' fees, costs, and expenses from each Defendant under Ohio Revised Code § 1337.36;

i.      That Defendants, Kim Joseph and Michelle Silverstein, be enjoined from transferring or distributing any assets they received from the Decedent, their uncle, until further Orders of this Court;

j.      That a constructive Trust be imposed on any and all assets and transfers or proceeds therefrom for the benefit of the Plaintiffs and for the benefit of the Decedent's Estate;

k.      An award of punitive damages against Defendants, Kim Joseph and Michelle Silverstein, jointly and severally;

l.      That Plaintiffs be awarded reasonable and necessary attorneys' fees, costs, and expenses pursuant to Ohio Revised Code §§ 2721.16 and 1337.36 to be charged against Defendants, Kim Joseph and Michelle Silverstein; or to be charged against Defendants' interest in the Decedent's Estate, if any; and

m.      For further declaratory relief and such other relief as the Court may deem proper.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

*/s/Michael P. Harvey*
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio  44116
Phone: (440) 570-2812
Email: MPHarveyCo@aol.com
**Attorney for Plaintiffs**


## JURY DEMAND

The Plaintiffs, Alec Reed Deckman, Matthew Cole Deckman, Allision Marie Deckman, and Brian E. McGrath, Trustee respectfully give notice to all parties and counsel of record that they request a jury on all claims and issues so triable before a jury with the maximum number of jurors allowed under Ohio law.

*/s/Michael P. Harvey*
Michael P. Harvey, Esq. (#0039369)
**Attorney for Plaintiffs**

MPH/rrg

19

# LAST WILL AND TESTAMENT

## OF

## WILLIAM JOHN DECKMAN

I, WILLIAM JOHN DECKMAN, a resident of Hamilton County, Tennessee, do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking any and all former Wills or Codicils heretofore made by me.

My beloved wife is ALLISON MARIE DECKMAN, and I refer to her herein as my wife, or ALLISON.   We have two (2) minor children:   MATTHEW COLE DECKMAN ("MATTHEW"), whose date of birth is January 9, 2001, and ALEC REED DECKMAN ("ALEC"), whose date of birth is June 12, 2003.  A reference in my Will to my issue or to my children includes the above-named persons or their issue, per stirpes, who survive me if any of them predeceases me. Any reference herein to children or issue shall also be deemed to include any afterborn or adopted persons.

## ARTICLE 2

## FIDUCIARIES

I appoint my wife, ALLISON to be the Executor of this my Last Will and Testament.  If ALLISON fails or ceases to serve in such capacity for any reason whatsoever, then I appoint SUSAN C. FINE ("SUSAN"), to serve as the Successor Executor.

I appoint BRIAN E. McGRATH ("BRIAN") to serve as Trustee of any Trusts created herein.  If BRIAN fails or ceases to serve for any reason whatsoever, then I appoint SUSAN C. FINE ("SUSAN") to serve as the Successor Trustee of any Trusts created herein.

If at any time my fiduciaries desire to have an additional fiduciary to serve with them or advisors to assist them, then I give them the power to appoint or retain such other person or

PAGE 1 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

**EXHIBIT 1**

bank as they may desire to assist or advise them, including any fiduciaries or advisors that may be necessary for the ancillary administration of my estate.  I also give my fiduciaries the authority to appoint and waive bond for a resident co-fiduciary to serve with them in any capacity required by the applicable laws of the state having jurisdiction over my estate.

## ARTICLE 3

## DEBTS & TAXES

I direct that all of my lawful debts (except debts secured by mortgages or other security instruments, which may be paid off or retained in the discretion of my Executor, and if paid be without right of contribution from my beneficiaries), my funeral expenses, any unpaid charitable pledges (whether or not the same are enforceable obligations of my estate) and the costs of administration of my estate be paid by my Executor as soon as practicable after my death.  My Executor, in his or her sole discretion, may pay from my domiciliary estate all or any portion of the costs of ancillary administration and similar proceedings in other jurisdictions.  While it is not my intention to waive any exemption from the claims of my creditors for the proceeds of any insurance on my life, part or all of the proceeds of any insurance payable to the Executor or to my estate may be used for the payment of my debts and the administering of my estate, and any death taxes payable by my estate, but only if and to the extent that the Executor, in his or her discretion, determines that such use of the proceeds is in the best interest of the beneficiaries of my estate.

Furthermore, I direct that there is to be paid out of that portion of my residuary estate, without contribution or apportionment by or among the beneficiaries of my estate, all estate, inheritance, succession and other taxes (together with any interest or penalty thereon) that may be lawfully assessed by reason of my death.

PAGE 2 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

All realty owned by me at my death is part of my probate estate and is to be treated as personalty for administration purposes.

## ARTICLE 4

## TANGIBLE PERSONAL PROPERTY

My tangible personal property (excluding cash and securities) is to be distributed according to the written memorandum of instruction to my Executor dated the _____ day of _____, 2004. To the extent not disposed of in such written memorandum of instruction, I give my tangible personal property (excluding cash and securities) to ALLISON, if she survives me, but if she does not survive me, I give such property in equal shares to my surviving children, and to the issue, per stirpes, of any child of mine who predeceases me, to be divided among them as they may agree. If by reason of youth or otherwise my beneficiaries cannot agree to the division of such property within ninety (90) days from the date of my death, or my Executor deems that they would be incapable of using such property, my Executor shall have the authority and sole discretion to settle all disputes, divide all the property in as nearly equal shares as practicable, or sell all or a part of such property and divide the proceeds equally among my children, (or the issue, per stirpes, of a deceased child) or place the proceeds thereof in the Contingent Trust created in ARTICLE 6 below.

## ARTICLE 5

## MARITAL BEQUEST

If ALLISON survives me, I give all of the rest, residue and remainder of the assets of my estate, of whatever kind and wherever situated, including both personalty and realty, to ALLISON, outright and free of trust.

PAGE 3 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

## ARTICLE 6

## CONTINGENT TRUST

If ALLISON does not survive me, I give all of the rest, residue and remainder of the assets of my estate, of whatever kind and wherever situated, to my Trustee, IN TRUST, to be held, administered and distributed as follows:

A.     Trust Administration.  During the term of this trust, the Trustee is to expend as much of the net income and, if income is inadequate, as much of the principal of the trust, up to and including the whole thereof, as the Trustee deems necessary and desirable for the support, maintenance, comfortable living, education, business or professional needs, or general welfare of my children, but in making such expenditures, preference is to be given to providing my children with a quality education.  The Trustee may distribute income and/or principal in such amounts and proportions as the Trustee sees fit, even to the complete exclusion of one or more of my children, without regard to any principle or rule of law requiring impartiality among the beneficiaries of a trust.  Apart from whatever advancements to my children from the Trust that may from time to time be deemed appropriate by the Trustee, the foregoing amounts are to be paid quarterly or in other more convenient installments.  Expenditures may be made by paying bills directly or by payment to my children, or to their duly appointed guardian, or to any person or organization taking care of them.  Any income not expended is to be added to and accumulated with the principal of the Trust.

B.     Distribution of Trust Principal.  When my youngest surviving child attains the age of twenty-five (25) years, the trust is to be divided into as many equal shares as I have then living children and deceased children who are survived by issue, with one (1) such share for each child, and each share is to be held, managed and distributed as a separate trust.  Upon such apportionment, each child is to receive one-half (1/2) of the assets of such child's trust.  The

PAGE 4 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

remainder of the assets of each separate trust are to continue to be held in trust, with income and/or principal payments made as provided in Paragraph A above. When each child attains age thirty (30) years, such child's trust is to terminate and the remaining assets thereof are to be distributed outright and free of trust to such child. If a child does not survive until the complete distribution of his or her separate Trust, then the remaining assets of such child's trust shall be distributed to such child's issue, per stirpes, but if a deceased child has no surviving issue, then such assets shall be distributed to my then living descendants, per stirpes.

C.     Underage Beneficiaries. If any per stirpetal trust beneficiary hereunder has not attained age thirty (30) years at the time trust assets are to be distributed to such beneficiary, such beneficiary's share shall continue to be held IN TRUST, and shall be administered and distributed by the Trustee for the benefit of any such beneficiary. During the term of the trust, the Trustee is to pay any part or all of the net income of the trust in monthly or other convenient installments to or for the benefit of such beneficiary, taking into consideration all sources of support available to such beneficiary, whether public or private. Principal is to be used to supplement income only when the Trustee deems that income is inadequate to provide for the support, maintenance, education and health in reasonable comfort of such beneficiary. Furthermore, the trust assets, are to be distributed in accordance with the schedule set forth in Paragraph B above.

## ARTICLE 7

## CONTINGENT DISPOSITION

If all of my designated beneficiaries die or otherwise cease to exist prior to the complete distribution of my estate or of any Trust created herein in which they may benefit, then upon the happening of such event, one-half (1/2) of the assets of my estate and/or Trust for which no beneficiary is designated shall be distributed to my heirs at law, and one-half (1/2) of such assets

PAGE 5 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

shall be distributed to ALLISON'S heirs at law.  Such heirs are to be determined according to the laws of descent and distribution then in effect in the state in which ALLISON and I reside at the time of our respective deaths.

## ARTICLE 8

## GUARDIANS

If ALLISON does not survive me, and if any of my children have not attained the age of majority at the time of my death, then BRIAN E. McGRATH ("BRIAN") and KIMBERLY A. McGRATH ("KIMBERLY") are to serve as the Guardians of the person and property of my minor children if they are married to each other at the time of my death and as long as they remain married to each other.  If either BRIAN or KIMBERLY fail or cease to serve in such capacity for any reason, including divorce from each other, then GEOFFREY FINE ("GEOFFREY") and SUSAN C. FINE ("SUSAN") are to serve as the Guardians of the person and property of my minor children if they are married to each other at the time of my death and as long as they remain married to each other.  If GEOFFREY and SUSAN fail or cease to serve in such capacity for any reason, including divorce from each other, then SCOTT ("SCOTT") and KIMBERLY ("KIMBERLY") JOSEPH are to serve as the Guardians of the person and property of my minor children if they are married to each other at the time of my death and as long as they remain married to each other.  If none of the named couples are married to each other at the time of my death or become unmarried at any time, then SUSAN is to serve alone.  No bond or other security shall be required of the guardian of the persons of my minor children, and the guardian is not required to make any report to any court at any time.

PAGE 6 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

## ARTICLE 9

## FIDUCIARY POWERS

My Executor and Trustee (sometimes referred to as "Fiduciary") have the following powers, duties and discretions in addition to those now and hereafter conferred by law:

A.      Powers Incorporated by Reference.    I incorporate by reference all of the fiduciary powers set out in Tennessee Code Annotated Section 35-50-110, as fully as if set out verbatim herein; provided, however, that my spouse shall have the power to require my Fiduciary to make any unproductive property held by my Fiduciary productive or convert it to productive property within a reasonable time after acquiring such property.

B.      Authority Over Real Property.    I direct pursuant to Tennessee Code Annotated Section 31-2-103 that any interest in real property that I may own at my death be administered as part of my estate subject to the control of my Executor, who shall have full power to grant, bargain, sell, convey, lease, encumber, manage, and otherwise deal in any lawful manner with said real property at any time during the administration of the estate, in the sole discretion of my Executor, without the approval or joinder of any beneficiary and without the necessity of any person or entity looking to the application of any proceeds that may or might result from any acts of my Executor in the premises.

C.      Payment of Taxes.    When required to make a distribution or transfer of all or part of the assets of my estate, or upon the termination of my estate, the Fiduciary may retain therefrom assets sufficient to cover any liability that may then or later be imposed upon it, including, but not limited to, the liability for estate, income or other taxes, until such liability is finally determined.

PAGE 7 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

D. <u>Successor Fiduciary</u>. Any successor Fiduciary is to be clothed and vested with all duties, rights and powers, whether discretionary or otherwise, as if originally named as such Fiduciary. The successor Fiduciary may accept the accounts rendered and the assets and property delivered to such successor Fiduciary by the predecessor Fiduciary, and shall incur no liability by reason of doing so.

E. <u>Post Mortem Planning</u>. My Fiduciary is authorized to exercise its discretion in post mortem tax planning for conserving the estate so as to enhance the financial benefits accruing to the beneficiaries.

F. <u>No Bond or Reports</u>. Any power and right granted to my Fiduciary may be exercised by it without posting any bond, and my Fiduciary is not to be required to make any report to or file any inventory with any court at any time for any reason.

G. <u>Administration Expense Deductions</u>. My Fiduciary has the discretion to claim each administration expense as a deduction on the U.S. Estate Tax Return for my estate or on any U.S. Income Tax Return for the estate. My Fiduciary also has the discretion to claim each administration expense as a deduction on any state inheritance or estate tax return or on any state income tax return. My Fiduciary is not to be required to treat any such deduction on federal tax returns in the same manner as on state tax returns.

H. <u>Disabled or Underage Beneficiaries</u>. If my Fiduciary determines that any income or corpus shall be paid to an underage beneficiary or to a person under a legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, or who, by reason of instability or immaturity, is, in the opinion of my Fiduciary, unable properly to administer such funds, then such funds may be paid out by my Fiduciary in such of the following ways as it deems best: (1) directly to such beneficiary; (2) to the legally appointed

PAGE 8 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

guardian or conservator of such beneficiary; (3) by the Fiduciary using such amount directly for the benefit of such beneficiary; or (4) to some institution, relative or friend for the support, maintenance, education, and health in reasonable comfort of such beneficiary.  The receipt of any such person shall discharge my Fiduciary from any further responsibility with respect to any such funds.  No recipient shall be required to furnish bond with respect to any such funds nor make report as to the disposition of the same.

   I.  <u>Fiduciary's Right to Resign</u>.  A Fiduciary may resign upon thirty (30) days written notice to my spouse, or, if applicable, to a majority of the competent adult beneficiaries of my estate, if any; and if none, to the court having jurisdiction over my estate.  Upon receipt of such notice, my spouse, or a majority of the competent adult beneficiaries, if applicable, or the court may appoint a successor to the Fiduciary to serve in the place and stead of the resigning Fiduciary, if a Successor Fiduciary has not been appointed herein.  Unless otherwise excused by the Successor Fiduciary, the resigning Fiduciary, at the expense of the estate and/or Trust, shall make an accounting of the estate and deliver all assets and muniments of title thereof to the Successor Fiduciary.

   J.  <u>Termination of Small Trusts</u>.  If at any time and for good reason arising from a substantial change of circumstances or arising from economic necessity, my Fiduciary determines that the corpus of any trust created, funded, or to be created or funded herein is of an insufficient amount to justify creating, establishing, funding, or continuing said trust, the Fiduciary is authorized and empowered not to establish the trust, but rather to distribute the funds that would be used to establish such trust, or distribute the corpus and the accumulated income of the trust, to the income beneficiaries thereof who are in closest relation to me, or to their issue, <u>per stirpes</u>, in the same proportions called for by the distribution terms of any such trust.

PAGE 9 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

K.    Beneficiary's Standard of Living.  My Fiduciary, in exercising its discretion as to whether to make distributions of income or corpus of any Trust to or for the benefit of any beneficiary, may take into consideration the standard of living to which such beneficiary is then accustomed and all other income and resources available to such beneficiary, together with any other factors that the Fiduciary may deem pertinent.

L.    Annual Accountings.  My Fiduciary shall render to the income beneficiaries of trusts created herein statements of accounts, receipts, and disbursements at least annually. Statements to minor beneficiaries shall be sent to the legal guardian, if any, otherwise to the parent or any other person with whom the beneficiary may be residing.

M.    Life Insurance for Beneficiaries.  My Fiduciary has the power to take out, own and pay premiums for life insurance for any beneficiaries of any trust created herein or on any person in whom a beneficiary may have an insurable interest.  The trust may be, but is not required to be, the owner and/or beneficiary of any life insurance policies.  If the trust is a beneficiary of such life insurance policies, and there is more than one beneficiary of the trust, I direct that the proceeds of said life insurance policies be treated as part of the trust held for the benefit of the trust beneficiary on whom the insurance exists so that if the deceased beneficiary leaves descendants who would take by representation, these descendants shall receive the benefits from such life insurance proceeds.  If the policy is on the life of a person in whom a beneficiary had an insurable interest, the proceeds shall be held in Trust and administered for the exclusive benefit of the trust beneficiary who had the insurable interest.

N.    Common Trust Funds.  A Fiduciary may invest trust assets in units of the common trust funds maintained by any bank or trust company.

PAGE 10 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

O.   Assistance for Fiduciary.   A Fiduciary may appoint or retain any other person, bank, or corporate trustee as it may desire to assist or advise it.

P.   Compensation for Fiduciary.   My Fiduciary is to be compensated for expenses in administering my estate and any trust created herein, and has the right to receive such compensation for services rendered as is reasonable and customary considering the circumstances. Such compensation may be charged currently as services are performed or deferred in the discretion of the Fiduciary.

## ARTICLE 10

## MISCELLANEOUS

A.   Spendthrift Provision.   No interest of any beneficiary in the corpus or income of my estate, or of any trusts created herein, shall be subject to assignment, alienation, pledge, attachment, or claims of creditors of such beneficiary, including the claims of any divorced spouse for alimony or support payment, and may not otherwise be voluntarily or involuntarily alienated or encumbered by such beneficiary.

B.   Simultaneous Death.   If any beneficiary and I die simultaneously or under such circumstances as to render it impossible to determine who predeceased the other, it is to be conclusively presumed, for the purposes of my Will and all of its provisions, that I survived such beneficiary.

C.   Use of Terms.   In referring to trustees, executors, fiduciaries, children, issue, or beneficiaries, words of any gender are deemed to include any other gender and a reference to the singular shall include the plural, and vice versa, unless the context indicates that such a reading would be inappropriate.

PAGE 11 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

IN WITNESS WHEREOF, I have hereunto subscribed my name to my Last Will and Testament, and for purposes of identification have initialed this page and each of the other twelve (12) pages of this document, all in the presence of the persons witnessing it at my request on the _13TH_ day of _JANUARY_, 2004.

_William J. Deckman_
WILLIAM JOHN DECKMAN

Attest to the execution of this Will:

_Cynthia R. Dairs_
NAME

_2030 Hamilton Place Blvd., Suite 210_
_Chattanooga, TN 37421_
ADDRESS

_Michelle J. McMillan_
NAME

_2030 Hamilton Place Blvd_
_chattanooga, TN 37421_
ADDRESS

PAGE 12 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

## AFFIDAVIT OF WITNESSES

STATE OF TENNESSEE        )
COUNTY OF HAMILTON    )

___Cynthia R. Davis___ and ___Michelle McMillin___
(please print)                          (please print)

after first being duly sworn or affirming, make oath or affirm that the foregoing Last Will and

Testament was signed by WILLIAM JOHN DECKMAN, as and for, and at that time published and

declared by him to be his Last Will and Testament, in the sight and presence of us, the undersigned,

who at his request and in his sight and presence, and in the sight and presence of each other, have

subscribed our names as attesting witnesses on the ___13th___ day of ___January___, 2004; and we

further make oath or affirm that the Testator was of sound mind and disposing memory and not

acting under the fraud, menace or undue influence of any other person and was more than eighteen

(18) years of age; and that each of the attesting witnesses is more than eighteen (18) years of age.

_____
AFFIANT

_____
AFFIANT

Sworn to and subscribed before me this
13th day of ___January___, 2004.

_____
Notary Public
My Commission Expires: _____  MY COMMISSION EXPIRES MARCH 24, 2007

#155799v1


PAGE 13 OF LAST WILL AND TESTAMENT OF
WILLIAM JOHN DECKMAN

**William Bill's Story**
Site was created on June 13, 2019

Welcome to our CaringBridge website. We are using it to keep family and friends updated in one place. We appreciate your support and words of hope and encouragement. Thank you for visiting.

Bill has been diagnosed with mixed dementia (Alzheimer's and neuro-vascular dementia). His brilliant long-term memory and amazing lawyer communication skills are strong. He has some recall regarding events over the last ten years, but most are fuzzy. The most amazing gift of this horrible disease is that Bill is unaware of most events over the past five years and does not recall his Alzheimer's. We believe that he seems to reside in his "Mind Eye" somewhere in his late '30-the '40s. We love this -in his mind, he is young and running every day and serving his community. Most impacted is Bill's short-term memory.

We gather at this website to share stories we can print and share with Bill. We have a beautiful book that he keeps in his room with photos and memories. It has been difficult for us to find everyone and connect.

Thank you, Kim & Michelle.



EXHIBIT
2

# Why we would like to share this story...

Journal Entry by Kim Joseph --- September 12, 2019

This is not going to be easy to write or read.

My name is Kimberly Joseph, I am Bill Deckman's niece. My sister - Michelle and I have been caring for Bill since his stroke and cardiac event in February 2019. Bill now resides in wonderful rehab independent facility in Beachwood, Ohio.

I write this story because this awful disease has taken away Bill's ability to share his story. I. We are grateful Bill is in a safe environment where he has support and love that is long overdue.

**Last 10 years ago or so:**
Many of us have witnessed sadness ( maybe not the right word for everyone) when Bill cut people out of his life that wanted or tried to help him. But thankfully, someone BRAVE figured out that Bill was suffering a major memory problem. I hope that someone reading might also find the courage from deep listening to do the same for someone who suffers from a neurological disorder. These disorders are so beyond hard to diagnose. Most early-onset diagnoses take 10 years plus.

Over the last 10 years, most of us today witnessed firsthand how Alzheimer's took over Bill's mind/memory. I believe for me it started with a question about an odd conversation or a head-shaking interaction, maybe a "No Show" or an unexpected visit from Bill. Many phone calls stating he was in Chicago in the morning and Florida two hours later. Lost his keys, phone, and wallet.

In 2009, our Mom (a hospice nurse) pre-diagnosed Bill with early-onset Alzheimers. You can imagine that this important conversation did not go over so well. Sadly, my Mom ( Bill's sister ) passed away in 2014 from a rare neurological disorder before they could truly reconcile. I learned about this news in 2014 and I was heartbroken. I hated watching his life fall apart over the past 10 years. So much loss that I believe, set the stage for the last most significant stroke. Many times I tried to connect/help/listen and was pushed away. This is a common strategy for early-onset dementia.

**Early 2019**
Two weeks after his divorce was final Bill suffered stroke #3 maybe #4 and a major cardiovascular event that should have killed him. His doctors told us he was lucky to have survived. His memory was badly injured. Bill can remember incidents from 20 years ago but cannot recall the details of things that happened 20 minutes prior. The stroke has taken a toll on his heart and he is barely able to walk now. He will tell you that he still runs every day 5-6 miles. We just go with it and hope the rehab will go quickly and his voice will be loud.

1

**Today**
Bill lives in a wonderful assisted living called the Beachwood Commons in Cleveland, Ohio. He can manage ADL and daily personal care skills. He has a wonderful long-term recall.

This disease has kicked his butt for many years. The depression that we witness daily sucks and want to stand together to support him.

Bill would love to hear from his family and friends. I know he needs love and support and I cannot do this alone. My sister Michelle has held mine and Bill's hands over the last six months. I could not do this without her.

Bill no longer has a cell phone just a landline 1-216-765-3182. J

Please send cards via this website or directly to:

William Deckman
Beachwood Commons
3995 Green Rd
Apartment 223
Beachwood, Ohio 44122

Don't be surprised if you have a phone conversation with him and he calls you back 20 minutes later having no recollection of the earlier conversation. Bill does not know that his short-term memory is injured, creating a frustrating cycle. . Our Alzheimers social worker used this great analogy to describe what is happening to Bill.

"Remember when you were young and you headed down your creepy basement to search for something. BOOM, someone at the top of the basement stairs just played a bad trick on you and turns off the light switch. You go into panic mode not knowing how to get upstairs and wondering when the light would come on.

We are participating in a Cleveland Clinic Brain Health genetic study. This study will look at how or what genes are related to neurological disorders.

I know we cannot change the past but we can move forward with kindness and love. I hope my experience might help someone else in the future.

**We hope you will send cards in the mail because it helps heighten his spirit. We have your card tapes all over his room as a reminder of the love and support he has.**

You can post stories and notes to this website and we will print them and add them his room.

2

Thank you to  Mr. Bill Pemberton for believing in our uncle.  Mr. Pemberton is someone special who "Believed In Bill " and stood up, **took action** , and saved his life.  Thank you, he is safe now.

Please excuse my punctuation, brevity, and spelling errors.

Love- Kim Joseph
440-321-3333
kimajoseph@mac.com

3

Feb. 20. 2019 12:51PM                                    No. 8293    2/3

## N THE CHANCERY COURT OF HAMILTON COUNTY. TENNESSEE

IN THE MATTER OF

THE CONSERVATORSHIP OF: William John Deckman

William John Deckman, Respondent

Bill W. Pemerton, Petitioner

### MEDICAL EXAMINATION REPORT

This statement is made pursuant to T.C.A. §34-3-105.

The undersigned is a physician or psychologist who is currently licensed to practice medicine or psychology in the State of Tennessee. The Respondent was last examined by the undersigned on _2 20 1_____, 20 1 9, and the results of that examination of the Respondent are as follows:

1. *Respondent's Medical History.* _Deteriorating memory for some years. Very forgetful over past 6 months, loosing things, missing appointments and having difficulty managing his finances._

2. *Respondent's Disability – Nature and Type.* A description of the nature and type of the Respondent's disability is as follows: _Dementia, unspecified, with amnestic syndrome. When I examined him today he did not remember me from my extensive visit with him on the previous day._

3. *Opinion of Respondent's Needs and Scope of Limitations.* The Respondent [should][should not] have a conservator appointed. The following rights of the Respondent



EXHIBIT
3

No. 8290

should be transferred to the conservator. The reason for each recommendation is also as follows: He is unable to manage his financial & other affairs.

4. Other Information.

Deponent says this statement is made with knowledge that such is in connection with proceedings for Conservatorship.

Dated 2/20, 2019

_Physician_

DENIS KENNEDY, M.D.
_Printed Name_

STATE OF TENNESSEE

COUNTY OF _____

Sworn to and subscribed before me this _____ day of _____, 20___.

_____
Notary Public

My Commission Expires: _____

### Durable General Power of Attorney
### Of
### William J. Deckman

## KNOW ALL MEN BY THESE PRESENTS:

I, William J. Deckman, Room 3C 890, N. Amer Road, Aurora OH, 44202, have made, constituted and appointed, and by these presents do make, constitute and appoint Kimberly Joseph, 500 Capital Hill Circle, Orange Ohio 440__, Phone 440-___-____, my true and lawful attorney in fact for me and in my name, place and stead

1. To transact any and all business directly or indirectly with any bank or brokerage firm where I am now presently doing business, or may do business in the future, and to deposit and withdraw monies therein and therefrom and to re__ or modify or change beneficiaries on existing accounts, including but not limited to: Payable on Death, Transferable on Death, and "Survivorship" accounts

   To allow access to my electronic and internet accounts and permission to Internet Service Providers and other service providers to release password and PIN information to my agent

3. To open, enter into, remove items from or close my safe deposit box at any financial institution.

4. To transact any business of any kind with certificate of deposit accounts

5. To demand, institute legal proceedings for, recover, collect and receive any and all sums or goods, chattels, debts, char__ demands, choses in action, duties, rents and sums of money, whatsoever due or hereafter to become due and owing, or belonging to me or _____ due or so chargeable by any person or persons whosoever, and upon receipt of the same or any part or parts hereof, to make, execute and deliver all proper receipts, releases or other discharges of and for the same, under seal or otherwise

6. To compound, compromise, settle and adjust all accounts and demand whatsoever due or hereafter to become due or owing, and to execute and deliver or to receive, all proper receipts and releases or discharges therefore

7. To grant extensions of time for the payment of any debts, claims or demands, due or hereafter to become due or owing to me, for such periods and on such terms as my said attorney in fact shall deem best, with or without security.



**EXHIBIT**

4

05/08/2019  2:07PM

(to decoded)    grpage 3 of 6                2019 05 08 18 00 03 (GMT)                12592360429  From: KIM JOSEPH

8.  To sign, execute, deliver, pay and perform all checks, drafts, agreements, contracts and all other instruments in writing of whatever nature as my said attorney in fact shall deem fit.

9.  To pay, at any time and from time to time, any and all debts, claims and demands incurred by me or by my said attorney-in-fact, for me, or for which I may be liable, and irrespective of whether the same be evidenced by a note, draft or other written instrument.

10.  To sign, endorse, execute and deliver and renew any and all checks, promissory notes, bonds, bill of exchange, trade acceptances, or other evidences of indebtedness, and to waive notice of demand and protest thereon and any and all promissory notes, bonds, checks, drafts, or other instruments of writing which I heretofore executed or endorsed.

11.  To collect and receive any dividends, interest or other accretion or income, due or to become due, upon any stocks, bonds, accounts, or other personal or real property and to execute proper receipt, release and discharge therefore.

12.  To act on my behalf with respect to any and all pensions received by me from Social Security Administration and Medicare and to sign my name to, execute, seal, acknowledge, and deliver any and all applications and forms required and to make application for any increase in benefits that I might be entitled to from time to time.

13.  To lease, rent, release, manage, deal with, contract to purchase, contract to sell, or sell and convey, in fee simple or lesser estate by deed or any instrument, and to deliver the same with or without covenants of warranty for such price and upon such terms of credit and with such other provisions and to or from such person or persons as my attorney-in-fact shall deem proper, the whole or any part of or any interest in any lands, tenements, hereditaments or any other real or personal property, tangible or intangible, of any kind whatsoever situated; and to preserve, repair or improve any such interest or property as they shall deem proper.

14.  To take charge of my person in case of sickness or disability of any kind, and to remove and place me in such institutions or places as they may deem best for my personal care, comfort, benefit and safety; and for said purposes to use and disburse any or all of said bank deposit monies, and other personal property.

15.  To make gifts on my behalf of any, or all of my real or personal property, without restriction, including, but not limited to any charities, company or individuals, including my attorney-in-fact and/or other related individuals, however this paragraph shall in no way be construed as a general power of appointment in the attorney in fact.

2023ADV278409\Judge: RUSSO\ THE ADVERSARIAL CASE OF ALEC DECKMAN
Electronically Filed: CWC 10/27/2023 14:15:03\CONF#: 132387\WORKFLOW ID: 2239935

15. To continue any yearly gift giving program I have established for the purpose of taking advantage of the annual exclusion available for gift giving to individuals, and shall include the ability to enter into a split gift with my spouse for the purpose of maximizing the annual spousal gift giving exclusion, or to commence such an annual gift tax exclusion, if my attorney-in-fact deems it appropriate to do so based upon the advice and counsel of tax and estate planning professionals.

17. To prepare, execute and file any tax returns or refund claims, local, state or federal, and to represent me in tax matters and to perform any and all acts relating thereto for all tax years, to sign any Form 2848, Power of Attorney and Declaration of Representative, any Form 8821, Tax Information Authorization, any Form W-9, request For Taxpayer Identification Number, and any similar state or local authorizations.

18. To establish, amend, modify, revoke or fund any and all types of trusts or other estate planning vehicles for the benefit of myself, or my children, grandchildren or a charity, including my attorney-in-fact as deemed necessary by my attorney-in-fact.

19. To sign my name for Probate Court documents, including but not limited to Waivers and other authorizations needed by an Estate Probation.

20. To self-deal with respect to any or all of my real or personal property, without restriction, including, but not limited to, sales, transfers or gifts, and any section of the Ohio Revised Code or any other State or Federal law attempting to limit self-dealing by Fiduciary(ies) shall not apply to the powers stated in this Power of Attorney.

21. To take whatever legal steps may be necessary to initiate or continue any public-assistance program for which I may become eligible. To bring such action to any court or regulatory agency having jurisdiction over the matter, to secure a ruling or order clarifying or defending my eligibility for said benefits. Any expense including reasonable fees for my attorney-in-fact and attorney fees, in connection with matters relating to determination of my eligibility for public support, is a property charge against my assets or income.

22. To transfer, hypothecate, borrow, pledge, assign or gift assets or income in such a method or manner so as to increase the amount of any public benefits or services available to me.

23. To take any action which is necessary to benefit my spouse and to increase their assets or income or to protect their assets or income including but not limited to the right to transfer, hypothecate, borrow, pledge, assign or gift assets or income in such a method or manner so as to increase the amount of any public benefit or services available to my spouse.

**05/08/2019  2:07PM**

24. To borrow money and to encumber or hypothecate my property by mortgage, deed of trust, pledge or otherwise, including loans from my attorney-in-fact at reasonable interest rates or no interest rates as deemed appropriate by my attorney-in-fact.

25. To lend money and/or assets to others with or without interest as deemed appropriate by my attorney-in-fact.

26. To change beneficiaries and/or ownership of, or to partially or totally, surrender, cash or modify any life insurance policies, qualified pension plans, IRA's, 401k's, or other employee pension and/or retirement plans which I may own or in which I have an interest, including but not limited to: make contributions to an IRA and/or qualified plan on my behalf, request that the IRA institution and/or plan administrator make timely required minimum distributions, request that the IRA institution and/or plan administrator make additional distributions from my IRA and/or plan from time to time, to consummate a rollover transaction involving any qualified plan, to select specific primary and specific contingent beneficiaries of the rollover account, to make investment decisions regarding retirement assets, to sign all necessary paperwork with respect to retirement transactions.

27. To hire legal counsel and to request and demand, that all of my prior records or information held or known by an attorney-at-law, be released or disclosed to my attorney-in-Fact.

28. To demand that any hospitals, doctors or any other allied medical professional personnel having medical records and/or knowledge of my medical history, release said records and/or information to my attorney-in-fact.

29. To invest in insurance, including but not limited to, life, annuity, accident, sickness, disability, long term care, irrevocable burial contracts, pre need contracts and medical insurance and to exercise all rights of ownership granted to such policies for my benefit.

30. To act as my agent before the Ohio Bureau of Motor Vehicles to execute an application or applications for renewal of any motor vehicle registrations for me and in my name.

31. To act on my behalf under the Department of Defense Financial Management Regulations to establish, change or stop allotments with regards to Military Retirement Benefits and Allotments or to assist in the application or appeals process regarding any Veterans Benefits.

32. To exercise all powers that an absolute owner would have and any other powers appropriate to achieve the proper investment, management, and distribution of: (1) any kind of computing device of mine, (2) any kind of data to storage device or medium of

2023ADV278409\Judge: RUSSO\ THE ADVERSARIAL CASE OF ALEC DECKMAN
Electronically Filed: CWC 10/27/2023 14:15:03\CONF#: 132387\WORKFLOW ID: 2239935

mine, (3) any electronically stored information of mine (4) any user account of mine and (5) any domain name of mine. To obtain copies of any electronically stored information of mine from any person or entity that possesses, custodies, or controls that information. I hereby authorize any person or entity that possesses, custodies, or controls any electronically stored information of mine (a that provides to me an electronic communication service or remote computing service whether public or private to divulge to the personal representative (1) any electronically stored information of mine (2) the contents of any communication that is in electronic storage by that service or that is carried or maintained on that service, (3) any record or other information pertaining to me with respect to that service. This authorization is to be construed to be my lawful consent under the Electronic Communications Privacy Act of 1986 as amended, the Computer Fraud and Abuse Act of 1986 as amended, and any other applicable federal or state data privacy law or criminal law. The agent may employ any consultants or agents to advise or assist the personal representative in decrypting any encrypted electronically stored information of mine or in bypassing resetting or recovering any password or other kind of authentication or authorization, and I hereby authorize the agent to take any of these actions to access, (1) any kind of computing device of mine, (2) any kind of data storage device or medium of mine, (3) any electronically stored information of mine, and (4) any user account of mine. The terms used in this paragraph are to be construed as broadly as possible and the term "user account" includes without limitation an established relationship between a user and a computing device or between a user and a provider of Internet or other network access, electronic communication services, or remote computing services whether public or private.

33. To exercise any of my rights of disclaimer as may be authorized by law.

34. My attorney in fact is granted the authority to sue the any third party, including the right to demand actual and punitive damages, and attorney fees, from said parties for refusing to accept the power of attorney to do an authorized act that the principal would be able to do.

35. Receipt of this document shall put the recipient on notice that all access of Alison Deckman to any and all of the aforementioned or subsequent items is hereby terminated.

Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing requisite and necessary to be done as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitutions, and revocation, hereby ratifying and confirming all that my said attorney-in-fact or their substitute shall lawfully do or cause to be done by virtue hereof.

05/08/2019  2:07PM

This power of attorney shall go into effect on the date set forth below and shall not be affected by any subsequent disability or incapacity or the lapse of time. It is my specific intent that the powers granted herein shall survive my disability as provided by O.R.C. §1337.24. Per O.R.C. §1337.26, photocopy or electronically transmitted copy of this document has the same effect as the original. I also hereby nominate my above appointed attorney in fact as the guardian of both my person and estate for consideration by a court if proceedings for the appointment of a guardian for me are commenced at a later time. I also direct that no bond be required should said guardian be appointed in subsequent court proceedings.

**In Witness Whereof**, I hereunto set my hand in Solon, Ohio, this April 15, 2019.

Signed and acknowledged in the presence of

_____
William J. Deckman

State of OHIO                    )
                                 ) SS
County of CUYAHOGA               )

On April 15, 2019, before me, a Notary Public in and for said state, personally appeared the above-named William J. Deckman, and acknowledged the signing of the foregoing instrument to be his/her voluntary act and deed for the uses and purposes therein mentioned.

_____
Notary Public, State of Ohio

This instrument was prepared by: Kathryn M. Williams, Esq.
40 Franklin's Row
33305 Solon Road
Solon, Ohio 44139
(440) 853-9061

05/08/2019  2:07PM

DocuSign Envelope ID: 58F427?F-2952-495B-AD2E-9F2F88B8CF41


**Genworth**

Genworth Life and Annuity
Genworth Life
Genworth Life of New York
PO Box 40016
Lynchburg, VA 24506-4016
Tel 888 325 5433
Fax 888 325 3299

## Beneficiary designation request
## for life insurance policies

from Genworth Life and Annuity Insurance Company, Genworth Life
Insurance Company and Genworth Life Insurance Company of New York*

*Only Genworth Life Insurance Company of New York is licensed in New York

Page 1 of 2

---

### Section I– Policy information

**Policy number**
· 5387248

| | | | |
|---|---|---|---|
| **Insured Name** · William J Deckman | **Insured Birth Date** 1953 | **Insured SSN** | **Insured Telephone Number** · 4238022977 |
| **Insured Mailing Address** · 300 CAPITAL HILL CIRCLE, ORANGE, OH, 44022 | **Insured Email Address** · wjdtosu@ | | |
| **Owner Name** · William J Deckman | **Owner Birth date** 1953 | **Owner SSN** | **Owner Telephone Number** · 4238022977 |
| **Owner Mailing Address** · 300 CAPITAL HILL CIRCLE, ORANGE, OH, 44022 | **Owner Email Address** · wjdtosu@ | | |

---

### Section II – Beneficiary designation

All beneficiary changes MUST include the designation of a Primary beneficiary. Even if you only want to change the Contingent beneficiary, you must restate the Primary beneficiary in the Primary beneficiary section.  Designations must be made in percentages. If not stated, designations will be made in equal shares.

| | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| 1. **Primary beneficiary** full legal name · Kimberly A Joseph | 1967 | 9147 | · 100 |
| Mailing Address · 300 Capital Hill Circle, Orange, OH, 44022 | **Relationship to Insured** · Niece- POA | **Telephone Number** · 4403213333 | |
| 2. **Primary beneficiary** full legal name · | Birth date/trust date | SSN/TIN | **Percent** · |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |
| 3. **Primary beneficiary** full legal name · | Birth date/trust date | SSN/TIN | **Percent** · |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |
| 4. **Primary beneficiary** full legal name · | Birth date/trust date | SSN/TIN | **Percent** |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |
| 5. **Primary beneficiary** full legal name · | Birth date/trust date | SSN/TIN | **Percent** |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |

⚠ **The sum total of primary beneficiary designation(s) MUST equal 100%**     Total % = 100

NWHpnWeb  3/03. '5

**EXHIBIT**
**5**

Page 2 of 2
DocuSign Envelope ID S8F2273F B952 4958 AD2E-9F2F 8B88_F41

Beneficiary designation request for life insurance policies

Page 2 of .

## Section II – Beneficiary designation *Continued*

| 1. Contingent beneficiary full lega name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| Mailing Address | Relationship to Insured | Telephone Number | |

| 2. Contingent beneficiary full lega name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| Mailing Address | Relationship to Insured | Telephone Number | |

| 3. Contingent beneficiary full lega name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| Mailing Address | Relationship to Insured | Telephone Number | |

⚠ The sum total of contingent beneficiary designation(s) MUST equal 100%          Total % _0_ _ _ _

## Section III – OWNERS MUST SIGN AND DATE BELOW

BY SIGNING, YOU.

- Certify that you have the authority as the owner or in the capacity indicated to exercise the rights, privileges, options and benefits under the policy listed; and you understand and agree that we are not obligated to verify that you are acting within your app oved authority when you exercise these rights,
- Jointly and severally indemnify and hold us harmless from any liability for acting according to your instructions,
- Agree to inform us in writing of any change in the information provided in this form,
- Certify under penalty of perjury that the statements and answers given on this form are true, complete and correct to the best of your knowledge and belief,
- Declare that no bankruptcy proceedings are now pending against you and you are not subject to back up withholding, and
- Understand that the designations on this form will not be effective unless all designation requirements are completed
- In states requiring that an insurable interest exist on the transfer of life insurance policies, you
  Agree that only those who have an insurable interest in the life of the insured are now, can or will be beneficiaries of the policy or trust
  Have not, and will not, transfer for consideration any interest in the policy to any party who has no insurable interest in the insured

**Owner** *Required*
DocuSigned by
X *William Dickman*
F00SF10FA22C4C2

Date
·04/15/2019

NWBenWeb 03 03 15

N 8/15/2022 10:25 00 AM 86506 60925 010515/022000277 011 001

# Genworth

**Proof of Loss Claimant Statement - Life Insurance**
from Genworth Life and Annuity Insurance Company,
Genworth Life Insurance Company, and
Genworth Life Insurance Company of New York †

Genworth Life & Annuity
Genworth Life
Genworth Life of New York
PO Box 10719
Lynchburg, VA 24506
**For EXPRESS Mailing ONLY:**
Attn  Life & Annuity Claims Department
3100 Albert Lankford Drive
Lynchburg, VA 24501
Tel  888 325 5433
Fax  434 948 5783
lynlifeclaims@genworth.com

Page 1 of 5
- Complete this form to request life insurance benefit payment.
- Submit the following documents so we can process your claim:
  - a separate claimant statement for each beneficiary
  - a certified death certificate indicating the insured's cause and manner of death
- Other documents may be required depending on the specific circumstances of your claim.
- Please refer to our frequently asked questions at genworth.com.

---

**1. Policy number(s)**
List the policy number(s) for all policies under which you are making a claim.

Policy number(s) under which you are making a claim.

---

**2. Decedent information**
The person who has died.

*mailing address:*
*300 Capital Hill Circle*
*Orange, Oh 10 44022*

Full name *first, middle, maiden, last (suffix, e g Jr, III if applicable)*
· *William J Deckman*
Other names *under which the decedent was known*
· *Bill*
Resident address *at time of death*
· *10204 Granger Rd, Oh. 44125*
City                                                      State          ZIP code

Date of birth · *53*          Date of death · *6/27/22*
Manner of death  *Select one*
☒ Natural      ○ Accidental      ○ Suicide      ○ Homicide

---

**3. Beneficiary/claimant information**
If the beneficiary/claimant is a trust, provide name of **each** current trustee and indicate capacity of each trustee. Example: Sole current trustee or co-trustee. Each current trustee will be required to sign on page 3 unless the trust document confers on one trustee the authority to act alone; if so, the trust document is required to verify authority.

Attach a separate sheet if more space is required for additional trustee names.

Federal income tax withholding is based on IRS Form W-4P if an annuity income option is selected on page 2.

Full beneficiary name, trust name and date of trust or estate
· *Kimberly Joseph*
Trustee name *if applicable*                        Trustee name *if applicable*

Trustee name *if applicable*                        Trustee name *if applicable*

Address
· *300 Capital Hill Circle, Orange, Oh 44022*
City, State/State in which trust was established          ZIP code

SSN/Trust or Estate Tax ID Number

Date of birth/Date of trust agreement · *67*          *3333*
Trust amendment dates *if any* · *Kim a Joseph @*
Phone number                                          Email · *niece naw*

Amendment dates *if any*                        Relationship to deceased

---

**Payment mailing address**
Provide the address to which payment(s) should be sent if **different** from the claimant address provided above.

Name (include business/entity name of addressee, if applicable)
· *Kimberly Joseph*
Address
· *300 Capital Hill Circle*
City · *Orange, Oh*          State · ZIP code · *44022*

---

EXHIBIT
6

† Only Genworth Life Insurance Company of New York is admitted

Form must be signed on page 3.
44119C  03/15/21

Page _ of 20)

Proof of Loss Claimant Statement for Life Insurance

Page 2 of 5

**4. Payment of proceeds**

The death benefit portion of this option is not taxable. Any interest paid may be taxable.

Death proceeds are paid in one sum unless an alternate settlement option is chosen. Refer to your policy or contact our office using the information above if a settlement option other than one sum is desired. Before electing an alternate settlement option you may wish to contact a tax advisor.

☑ Check here to confirm payment of the entire amount available in a check format

☒ Check here to have your check sent via Federal Express®. The applicable Federal Express® fee will be withheld from your death benefit. A physical address is required. Federal Express® cannot deliver to a Post Office Box

⚠️ **VA Residents** We mail claim checks to attorneys who have represented you during the claims process, and to other representatives at your request. Upon payment of at least $5,000 in a single check that is mailed to an attorney *licensed in the Commonwealth of Virginia*, or other representative, we are required to send you a notice of such payment, unless you waive this right. A copy of the required notice will be sent simultaneously to your attorney or representative.

Please choose one of the following:

○ I waive my right to receive notice as outlined above. I will follow up with my attorney or representative for my payment on my own

○ Please send me notice of payment. This notice will only be sent in the circumstances outlined above

---

**Substitute Form W-9** *(an official IRS Form W-9 with instructions is available for download at IRS.gov)*

⚠️ **If you are not a U.S. citizen or other U.S. taxpayer**, do not complete this section. You must provide an IRS Form W-8BEN (individual), W-8BEN-E (non-individual), or another applicable IRS form to document your foreign status in order to prevent 30% mandatory withholding. If you do provide the appropriate signed W-8Ben form to us, tax withholding may be as low as 0% and will range up to 30%, depending on any applicable treaty or other agreement.

You must cross out item 2, if you have been notified by the IRS that you are currently subject to backup withholding because of a failure to report all interest and dividends on your tax return.

The Foreign Account Tax Compliance Act (FATCA) is a Federal tax regulation that extends existing reporting requirements to require Foreign Financial Institutions to comply with IRS request of withholding and reporting on U.S. and unidentified account holders.

IRS regulations require certification of FATCA exemption. FATCA codes apply to certain entities, not individuals.

*Check appropriate box for federal tax classification:*

☑ Individual/Sole Proprietor    ○ C Corporation      ○ S Corporation

○ Partnership      ○ Trust/Estate

○ Limited liability company
    Enter the tax classification (C=C corporation, S=S corporation, P=partnership)

○ Other *(see W-9 instructions)*

Exemption Code(s) *(see form W-9 instructions, generally not applicable to individuals)*

**Under penalties of perjury,** *I certify that:*

1. **The number shown on this form (on page 1) is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and**

2. **I am not subject to backup withholding because:**
   **(a) I am exempt from backup withholding, or**
   **(b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or**
   **(c) the IRS has notified me that I am no longer subject to backup withholding, and**

3. **I am a U.S. citizen or other U.S. person (defined in the form W-9 instructions).**

4. **The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.**

**Form must be signed on page 3.**

44119CL 03/15/21

SCN:  # 15.2022  11.25 00 AM.56506.63923.0108152022000277.011.001

Proof of Loss Claimant Statement for Life Insurance

Page 3 of 5

## Declaration and signature(s)

| | |
|---|---|
| The Genworth companies listed at the top of page 1 are referred to as "us," "our" and "we" in this section.<br><br>The claimant is referred to as "you" and "your" in this section. | **By signing below, you:**<br>• Make claim to the proceeds and declare that you have the authority to claim in the capacity you have indicated.<br>• Declare that all answers recorded in this proof of loss claimant's statement are true and complete.<br>• Declare the original and any duplicates or certificates of each policy listed in the Policy information section on page 1 to be lost or otherwise unavailable unless sent to us with this proof of loss claimant's statement.<br>• Agree that our furnishing of this proof of loss statement and any supplemental forms is not an admission that insurance was in force on the Decedent's life nor a waiver of our rights or defenses.<br><br>**Current trustee certification**<br>If signing as a current trustee, you additionally:<br><br>• Declare that the named trust is in full force and effect, without change, except as noted.<br>• Declare that you are a current Trustee of the named trust and have not resigned or been replaced.<br>• Declare that you are acting within the scope of the authority conferred on you by the named trust.<br>• Agree that we have no obligation to verify that the named trust is in effect or that you are acting within the scope of your authority. |
| Please see the "State fraud notices" section on page 5 for additional information. | Laws in your state may make it a crime to fill out this form with information you know is false or to omit important facts. Criminal and/or civil penalties can result.<br><br>For your protection, the state of **New York** laws require that we provide you with the following statement:<br><br>Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.<br><br>**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.** |
| If you are signing as a fiduciary or representative, you must **sign in capacity** with title in which you are claiming. | **SIGN HERE** X  *Kimberly Joseph*                                 8-11-22<br>**Beneficiary/claimant signature (Signature is MANDATORY)**                     **Date Signed**<br>○ Individual/self   ○ Sole trustee          ○ Co-trustee        ○ Executor/executrix<br>○ Personal representative                    ○ Administrator<br>○ Custodian                                  ○ Other |
| See Special beneficiary/ claimant information and signing in capacity instructions on page 4 for details. | **SIGN HERE** X<br>**Beneficiary/claimant signature**                                          **Date Signed**<br>○ Personal representative          ○ Executor/executrix<br>○ Custodian                        ○ Administrator<br>○ Co-trustee                       ○ Other |

44119CL 03/15/21

`· M 8/15/2022 10:25.CO AW 86506 60925.0105152022000. ·· .1 001`

Proof of Loss Claimant Statement for Life Insurance

Page 4 of 5

## Special beneficiary/claimant information and signing in capacity instructions

|  |  |
|---|---|
| | The following Special claimant information provides details regarding form completion requirements for certain claimant types, and specific circumstances that require additional documentation The Signing in capacity sections provide instructions regarding which "capacity" or "title" should be included with the claimant's signature on page 3. **In all cases of a domestic beneficiary or claimant, please provide your tax identification number (TIN) in the appropriate space provided on the form and complete the "Substitute Form W-9" section with your certification in the "Declaration and signature(s)" section.** |
| **Individual** | Complete the Beneficiary/claimant information section. If you are not a US Citizen, you will be required to complete an IRS W-8 BEN.<br><br>When signing, indicate capacity as Individual. Do not use any other "title" unless claiming in that capacity. If acting as Power of Attorney for another individual, the capacity should read [Your Name] as POA for [Name] |
| **Trust** | • **Claimant information:** Complete this section with the Trust's information, providing the trust's name and date of trust in the "Name" field (e.g., Jane Marie Doe Trust, trust date)<br>• Provide a Tax Identification Number (TIN) for the Trust for tax reporting purposes. **The applicable IRS W-8 series form is required for a foreign trust.**<br>• **Signing in capacity:** The trustee(s) must sign and check either the "Sole trustee" or "Co-trustee" selection as appropriate, and have each current trustee sign unless the trust document confers on one trustee the authority to act alone<br>• If the trust is a Grantor Trust, a Grantor Trust Certification should be completed and returned with this claim form. |
| **Estate of insured** | • **Claimant information:** Complete this section with the estate's information, providing the estate name in the "Name" field (e.g., Estate of Jane Marie Doe)<br>• Provide a Tax Identification Number (TIN) for the Estate for tax reporting purposes. **The applicable IRS W-8 series form is required for a foreign estate.**<br>• **Signing in capacity:** Sign and check either the "Personal representative," "Administrator" or "Executor/executrix" selection as appropriate<br>• Submit a copy of the Letters of Administration/Testamentary or other court document appointing the estate's Personal Representative<br>• **Important Note – Small Estates:** The estate may qualify as a "small estate" under the Small Estate statute or another similar statute of the decedent's state of residence If the estate qualifies as a "small estate," we require a copy of the properly prepared affidavit or other form required by the state State laws vary. Please consult your attorney or tax advisor for more information on "small estates" |
| **Corporation** | • **Claimant information:** Complete this section with the corporation's information, providing the corporation name in the "Name" field (e.g., ABC Corporation)<br>• **Signing in capacity:** Sign and check the "Other" selection, and write in the title by which you are authorized to act on behalf of the company (e.g., Name: Jane Marie Doe, Capacity: ABC Corporation President)<br>• **Provide a Tax Identification Number (TIN) for the Corporation for tax reporting purposes. The applicable IRS W-8 series form is required for a foreign corporation.** |
| **Business Partnership** | • **Claimant information:** Complete this section with the partnership's information, providing the partnership name in the "Name" field (e.g., ABC Partnership)<br>• **Signing in capacity:** All partners must sign, or the general or managing partner must sign, and check the "Other" selection and write in their capacity as Managing Partner or Partner as appropriate<br>• **Provide a Tax Identification Number (TIN) for the business partnership for tax reporting purposes. The applicable IRS W-8 series form is required for a foreign business partnership.** |
| **Minor/child**<br><br>**Reminder:** the custodian of the minor's "person" is not necessarily the custodian of the minor's estate/ property. | • **Claimant information:** Complete this section with the minor's information, providing the minor's name in the "Name" field (e.g., Jane Marie Doe, minor)<br>• Submit a copy of the court document appointing the custodian/guardian of the minor child's property/estate (not required if claiming under the Uniform Transfers/Gifts to Minors Act (UTMA))<br>• If claiming under the UTMA, sign and check the Custodian selection, indicate relationship (father, mother, etc.) as "Custodian of (name of child) under the (name of resident state) Uniform Gifts/ Transfers to Minors Act." If you were not named as Custodian under UTMA in the policy's beneficiary designation but are the child's legal custodian or guardian, you may sign and check the Custodian selection, and indicate relationship (mother, father, etc.) as "Custodian of the estate/ property of (name of child), minor." Please be aware that if you were not named Custodian under the UTMA and have not been court appointed as custodian/guardian of the minor's property, there may be additional claim requirements. |

44119CL 03/15/21

Page 6 of 20)

JLN· 8/15·/2022 10:25 00 AM 86506 60925 01081 2022000277 011 001

## Proof of Loss Claimant Statement for Life Insurance

### Page 5 of 5

**State fraud notices** *For your protection, some states' laws require that we provide you with the following statements*

**Alabama** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

**Alaska** A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a clam containing false, incomplete, or misleading information may be prosecuted under state law

**Arizona** Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

**Arkansas, Rhode Island, West Virginia and Louisiana** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison

**California and Texas** Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**Colorado** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies

**Delaware** Any person who knowingly, and with intent to injure, defraud or deceive any insurer, files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony

**District of Columbia** WARNING: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines. In addition, an insurer may deny insurance benefits, if false information materially related to a claim was provided by the Applicant.

**Florida** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**Idaho** Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony.

**Indiana** A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

**Kentucky** Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

**Maine** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

**Maryland** Any person who knowing y or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison

**Minnesota** A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime

**New Hampshire** Any person who, with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in NH Rev. Stat. Ann. §638:20.

**New Jersey** Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties

**New Mexico** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

**New York** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

**Ohio and Oregon** Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement may be guilty of insurance fraud.

**Oklahoma** WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony

**Pennsylvania** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, wh'ch is a crime and subjects such person to criminal and civil penalties

**Puerto Rico** Any person who knowingly and with the intention of defrauding presents false information in an insurance application, or presents, helps, or causes the presentation of a fraudulent claim for the payment of a loss or any other benefit, or presents more than one claim for the same damage or loss, shall incur a felony and, upon conviction, shall be sanctioned for each violation by a fine of not less than five thousand (5,000) dollars and not more than ten thousand (10,000) dollars, or a fixed term of imprisonment for three (3) years, or both penalties. Should aggravating circumstances be present, the penalty thus established may be increased to a maximum of five (5) years; if extenuating circumstances are present, it may be reduced to a minimum of two (2) years.

**Tennessee, Virginia and Washington** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits

44119CL 03/15/21

## Check Inquiry Summary

**BANK OF AMERICA**

Account Number: ▮▮▮▮▮▮▮

Account Name:  DISB - GLAIC - MAIN

Bank ID:  011900571



### Check Details

Check Number: ▮▮▮▮▮▮

Account Number: ▮▮▮▮▮▮▮▮

Account Name: ▮▮▮ - GLAIC - MAIN

Bank ID: ▮▮▮▮▮▮

Amount: 502,202.32

Posted Date: 08/31/2022

Paid Date: 08/31/2022

### Electronic Endorsement Information

**BOFD - Bank Of First Deposit**

Bank Name: JPMorgan Chase Bank NA (BOFD)

Date: 08/30/2022

R/T: ▮▮▮▮▮▮

Sequence Number: ▮▮▮▮▮▮

Date: 08/31/2022

R/T: ▮▮▮▮▮▮

Sequence Number: ▮▮▮▮▮▮

1



EXHIBIT

7

## PROBATE COURT OF CUYAHOGA COUNTY, OHIO
### ANTHONY J. RUSSO, PRESIDING JUDGE
### LAURA J. GALLAGHER, JUDGE

ESTATE OF: **WILLIAM J. DECKMAN**   DECEASED

Case Number: **2024EST288373**

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
(For Executors and all Administrators)

Name of Fiduciary: **MICHAEL P. HARVEY ESQ**

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died **(check one of the following)**
☒ testate
☐ intestate

on **06/27/2022, domiciled in GARFIELD HEIGHTS, OH  44125.**

**(Check one of the following)**
☐ Bond is dispensed with by the Will

☐ Bond is dispensed with by law

☒ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate.  This entry of appointment constitutes the fiduciary's letters of authority.

**06/25/2024**
**Date appointed**                                              **JUDGE ANTHONY J. RUSSO**

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court.  It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

(Seal)

**EXHIBIT 8**

**ANTHONY J. RUSSO, PRESIDING JUDGE**

**Deputy Clerk**

**07/10/2024**
Issue Date