UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. HARVEY, *et al.*, | CASE NO. 1:24-cv-1398 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KIM JOSEPH, *et al.*, | |
| Defendants. | |

**I.  Procedural History**

On August 15, 2024, Plaintiffs filed a complaint against Defendants for declaratory judgment, fraud, undue influence, breach of fiduciary duty, constructive trust, and accounting. (ECF No. 1, PageID #1–19).  The complaint alleges that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1331.  (*Id*. at PageID #3).  On October 23, 2024, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over this matter.  (ECF No. 21, PageID #286).  Defendants allege there is not complete diversity among the parties and no federal question is pleaded in the complaint.  (*Id*. at PageID #296).  If the Court finds that there is subject matter jurisdiction, Defendants request that the Court abstain from exercising jurisdiction under the *Colorado River* doctrine, the *Rooker-Feldman* doctrine, and the probate exception.  (*Id*.).

On November 21, 2024, Plaintiffs opposed Defendants' motion arguing that there is diversity jurisdiction because Decedent's proper domicile is Tennessee, not Ohio.  (ECF No. 24, PageID #455).  On December 4, 2024, Defendants replied in support of their motion contending that Decedent was domiciled in Ohio and Plaintiffs addressed none of Defendants' arguments

1

about the lack of a federal question. (ECF No. 25, PageID #482–85).

## II. Legal Standard

When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), Plaintiffs have the burden of proving jurisdiction to survive the motion to dismiss. *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021). There is a critical distinction between 12(b)(1) motions that attack the complaint on its face versus motions that attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack requires the Court to consider the allegations of the complaint as true. *Id*. However, with a factual attack, the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id*. The Court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The Court then "weigh[s] the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017).

## III. Analysis

Defendants argue that the Court lacks subject matter jurisdiction over this case. They contend that there is not complete diversity of citizenship between the parties and the complaint does not raise a federal question. (ECF No. 21, PageID #296).

### a. Diversity Jurisdiction

Plaintiffs allege that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs reside in Tennessee and Defendants reside in Ohio. (ECF No. 1, PageID #3). For a federal court to have subject matter jurisdiction based on diversity of citizenship, there must be complete diversity among the parties and the amount in controversy must exceed $75,000. 28

U.S.C. § 1332(a).  The legal representative of the estate of a decedent is a citizen of the same state as the decedent.  28 U.S.C. § 1332(c)(2).  The first named Plaintiff is the estate of William J. Deckman.  (ECF No. 1, PageID #1).  Defendants argue that Decedent, and thus, the estate, is a citizen of Ohio.  (ECF No. 21, PageID #299).  Plaintiffs contend that Decedent never genuinely changed his domicile from Tennessee because his placement in memory care facilities in Ohio for the final years of his life does not establish domicile.  (ECF No. 24, PageID #455–56).  Defendants counter that Plaintiffs previously acknowledged Decedent's domicile as Ohio by probating the estate in Cuyahoga County and by providing an Ohio address for the estate on the complaint.  (ECF No. 25, PageID #482–83).

The complaint specifies that Decedent "was transported to Ohio" in early 2019 and passed away on June 27, 2022.  (ECF No 1, PageID #6–7).  The complaint also alleges that Defendants took Decedent to Ohio and "put him in several nursing homes."  (*Id*. at PageID #8).  In *Southwell v. Summit View of Farragut, LLC*, the Sixth Circuit determined that a decedent initially domiciled in Tennessee, transferred from a Tennessee hospital to a nursing home in Florida, and physically present in Florida for ten months before her death, was a citizen of Florida for purposes of diversity jurisdiction.  494 F.App'x 508, 510–11 (6th Cir. 2012).  The Sixth Circuit determined that Decedent's physical presence in Florida and lack of evidence that she had "an intention, or an ability to return to Tennessee at some future point" was sufficient to establish she was domiciled in Florida before her death.  *Id*. at 511.  In this case, Plaintiffs admit that Decedent was in a nursing home in Ohio for over two years before his death.  (ECF No. 24, PageID #455–56).  That is a longer period of physical presence than the ten months in *Southwell*.  There is no evidence in the record that Decedent had any intent or ability to return to Tennessee.  Plaintiffs also identified Decedent's domicile as Garfield Heights, Ohio when they submitted documentation to probate

3

court in Cuyahoga County. (*Id*. at PageID #469). Thus, Decedent was a citizen of Ohio for purposes of diversity jurisdiction.

Defendants are citizens of Ohio (ECF No. 1, PageID #4–5), so there is not complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332. Therefore, the Court lacks subject matter jurisdiction over this case based on diversity.

  b. *Federal Question Jurisdiction*

Defendants argue that even though counts one, two, and three of the complaint cite to federal statutes, they fail to raise a federal question, so the Court lacks jurisdiction. (ECF No. 21, PageID #300–03). Plaintiffs provide two sentences in response to Defendants' argument. (ECF No. 24, PageID #457). Plaintiffs state that Defendants' argument is false and frivolous and "[a]s demonstrated in the Plaintiffs' Complaint, Federal claims are alleged, thereby raising Federal questions." (*Id*.).

District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To survive a Rule 12(b)(1) motion attacking the lack of a federal question, Plaintiffs "must show only that the complaint alleges a claim under federal law, and that the claim is substantial." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A federal claim is not substantial if "prior decisions render it frivolous." *Id*.

Counts one and two of the complaint seek declaratory judgment pursuant to 28 U.S.C. § 2201(a). (ECF No. 1, PageID #8–11). Count three raises a claim of "fraud/fraudulent concealment/constructive fraud" pursuant to 31 U.S.C. § 3729. (*Id*. at PageID #11–12). The remaining counts do not allege a federal question. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide this Court with jurisdiction without a further allegation of a violation of

4

a federal statute. *Zhang v. Sec'y of Homeland Sec.*, 2007 WL 2572179, *3 (N.D. Ohio Aug. 31, 2007). The Declaratory Judgment Act is not an independent basis for federal subject matter jurisdiction. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). Thus, counts one and two fail to raise a federal question unless Plaintiffs have asserted a claim under a different federal statute that conveys jurisdiction to the Court.

Count three is pursuant to the False Claims Act, 31 U.S.C. § 3729, which seeks to combat fraud against the government. *Allison Engine Co. v. U.S. ex rel. Sanders*, 553 U.S. 662, 669 (2008). Thus, an essential element of False Claims Act liability is that the fraud be directed at a governmental entity. *United States ex rel. Holbrook v. Brink's Co.*, 336 F. Supp. 3d 860, 868 (S.D. Ohio 2018). The complaint alleges that Defendants made knowingly false representations or omissions that were "intended to mislead the Plaintiffs into relying upon the representations or omissions." (ECF No. 1, PageID #12). Additionally, the complaint alleges, "Defendants concealed material facts about the status of the Decedent and his assets with knowledge of the concealed facts and with the intent to mislead Plaintiffs into relying on the concealments." (*Id*.). Nothing in the complaint alleges that Defendants engaged in fraud directed at a governmental entity. Rather, Plaintiffs repeatedly assert that the alleged fraud was directed at them. (*Id*.). No plaintiff is a governmental entity. Thus, the Court finds that count three does not raise a substantial claim under federal law because the claim is frivolous.

Plaintiffs have failed to raise a substantial claim under federal law. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case based on a federal question, 28 U.S.C. § 1331.

### IV. Conclusion

The Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction

under F.R.C.P. 12(b)(1).  (ECF No. 21).  The Court lacks jurisdiction over this case, so the case is dismissed.  Because the case is closed, the pending motion to quash (ECF No. 19) and motion to enforce subpoenas (ECF No. 26) are **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

Dated:  December 16, 2024

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**