# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. HARVEY, *et al*., | CASE NO. 1:24-cv-1398 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KIM JOSEPH, *et al*., | |
| Defendants. | |

## I.  Procedural History

On December 16, 2024, the Court issued a memorandum opinion and order and judgment entry dismissing this case for lack of subject matter jurisdiction.  (ECF Nos. 27 and 28).  On January 30, 2025, Defendants filed a motion requesting sanctions against attorney Michael P. Harvey pursuant to 28 U.S.C. § 1927.  (ECF No. 29).  Defendants request that all the attorney fees they reasonably incurred in this action should be assessed against Attorney Harvey because he unreasonably and vexatiously multiplied the proceedings of this case.  (*Id*. at PageID #627).

On February 6, 2025, Plaintiffs opposed Defendants' motion arguing that proceedings were not multiplied unreasonably and vexatiously because Plaintiffs "believed and still believe that the District Court was a proper venue." (ECF No. 31, PageID #683).  Plaintiffs contend that 28 U.S.C § 1927 is a "limited fee shifting provision" and that it is "inconsistent with the American Rule." (*Id*.).  On February 12, 2025, Defendants replied in support of their motion that Plaintiffs' opposition did not provide any legal justification or address the two reasons for the sanctions request: lack of diversity and a "bogus false claims act claim." (ECF No. 32, PageID #690).

1

## II. Legal Standard

The American Rule, which generally requires parties to pay their own attorney fees, has always had exceptions. *Wesco Insurance Co. v. Roderick Linton Belfance, LLP*, 39 F.4th 326, 336 (6th Cir. 2022). One such exception is articulated in 28 U.S.C. § 1927 where, by statute, one party may obtain attorney fees if the other party has engaged in the articulated form of litigation misconduct. *Id*. at 337. "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions are warranted when an attorney has engaged in conduct that "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996). This requires a showing of "something less than subjective bad faith, but something more than negligence or incompetence." *Bojicic v. DeWine*, 714 F. Supp. 3d 913, 935 (N.D. Ohio 2024). Vexatiously multiplying proceedings includes conduct, "where an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Id*. A legal claim is frivolous if, "it is obviously without merit under existing law and unsupported by a good-faith argument to change or extend the law." *Bojicic v. DeWine*, 2025 WL 2158515, at *4 (6th Cir. July 30, 2025).

A finding that "an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). The party seeking to impose the sanction has the burden of proving the sanction's appropriateness; the burden then shifts to the opposing party to make a prima facie case explaining why they should not be

2

sanctioned. *Bojicic v. DeWine*, 714 F. Supp. 3d 913, 918–19 (N.D. Ohio 2024).

### III.  Analysis

Defendants request sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority because Attorney Harvey allegedly knew his argument that Decedent was domiciled in Tennessee lacked evidentiary support and he knew Plaintiffs were not government entities when he asserted his False Claims Act cause of action. (ECF No. 29, PageID #636–39). In opposition, Plaintiffs contend that the case is not frivolous and that the state and federal issues in the case mean the case was properly brought in federal court. (ECF No. 31, PageID #688). Defendants reply that Plaintiffs' opposition fails to provide any legal justification for the two reasons for the sanctions request: lack of diversity and the False Claims Act claim. (ECF No. 32, PageID #690).

  a.  *Diversity Jurisdiction*

Defendants contend that, "at the time that Attorney Harvey filed his initial pleading to this Court, he certainly knew that his factual contention regarding the Decedent's domicile/citizenship lacked evidentiary support and that he would not be able to find such evidentiary support even after a reasonable opportunity for further investigation or discovery." (ECF No. 29, PageID #637–38). The Court's analysis of the diversity issue was a closer call than Defendants represent. Defendants cite to *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 458 (6th Cir. 2021) as support for their argument, but the Sixth Circuit in that case found that "the jurisdictional defects presented by the complaint were not close issues." In this case, the Court engaged in a multi-page analysis of whether Decedent was domiciled in Ohio. (ECF No. 27). Plaintiffs' arguments concerning Decedent being domiciled in Tennessee were not meritorious, but did not rise to the level of being frivolous. Thus, the Court finds that Attorney Harvey's conduct as to the claim of diversity jurisdiction does not rise to the level of sanctionable conduct under 28 U.S.C. § 1927 or the Court's

3

inherent authority. Defendant's motion for sanctions is **DENIED** as to the issue of diversity jurisdiction. (ECF No. 29).

### b. *Federal Question Jurisdiction*

The Court's analysis of federal question jurisdiction was not a close issue. (ECF No. 27, PageID #622–23). Three counts of the complaint allegedly raised federal questions. (*Id*. at PageID #622). Two of those counts required that there be a further violation of a federal statute, which is why the analysis of jurisdiction centered on Plaintiffs' claim in count three under the False Claims Act. (*Id*.). The Court noted in its prior decision that the False Claims Act claim was frivolous. (*Id*. at PageID #623). The claim was obviously without merit under existing law and was unsupported by any good-faith argument to change or extend the law. *See Bojicic v. DeWine*, 2025 WL 2158515, at *4 (6th Cir. July 30, 2025). Attorney Harvey reasonably should have known that pursuing those federal claims was frivolous because it is obvious that no plaintiff is a government entity. The Court finds that the addition of those claims by Attorney Harvey did unreasonably and vexatiously multiply the proceedings in this case, so Attorney Harvey engaged in conduct sanctionable under 28 U.S.C. § 1927. Defendants should have never had to move to dismiss those obviously frivolous claims. Thus, the Court **GRANTS** Defendants' motion for sanctions as to the federal claims raised by Plaintiffs. (ECF No. 29).

### IV. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for sanctions against Plaintiffs' counsel Michael P. Harvey. (ECF No. 29). Defendants requested leave to compile and file a verified statement of their reasonable attorney fees incurred if their motion was granted. (ECF No. 29, PageID #643). The Court is not imposing all of Defendants' attorney fees that were requested. (ECF No. 32, PageID #695). Attorney Harvey is only responsible for paying

4

the excess costs, expenses, and attorneys' fees reasonably incurred because of the federal claims raised.  Thus, Defendants shall file a verified accounting of their costs, expenses, and fees incurred as a result of the federal claims by **September 26, 2025**.

**IT IS SO ORDERED**.

Dated: September 10, 2025

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE